**SO ORDERED.**

**SIGNED this 09th day of April, 2008.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court
### Western District of Texas
### San Antonio Division

| | |
|---|---|
| IN RE | BANKR. CASE NO. |
| ROBERT H. HENDERSON | 06-52439-C |
| *DEBTOR* | CHAPTER 7 |

**ORDER GRANTING WAIVER OF DEBTOR'S POST-PETITION CREDIT COUNSELING**

CAME ON for consideration the foregoing matter. The debtor filed his petition December 1, 2006. On December 31, 2006, the debtor died. The debtor's will was admitted to probate in state court. The debtor now seeks a waiver of the requirement that the debtor complete an instructional course concerning personal financial management. *See* 11 U.S.C. § 727(a)(12). Failure to complete such a course is grounds for denying the debtor a discharge.

Death is not necessarily fatal either to the continuation of a bankruptcy case or to the receipt of a discharge. *See* FED.R.BANKR.P. 1016; *see also In re Doyle*, 209 B.R. 897, 907 (Bankr. N.D.Ill. 1997) (a debtor who dies post-petition is entitled to claims of exemption as well as a discharge); *In re Robles*, 2007 WL 4410395 (Bankr. W.D.Tex. Dec. 13, 2007) (gathering cases and materials). As

this court noted in *Robles*, the debtor's probate estate is entitled to the benefit of the discharge. *See Robles*, at *2, *citing* H.R. REP. NO. 595, 95th Cong, 1st Sess 367-68 (1978) ("... the discharge will apply *in personam* to relieve the debtor, and thus his probate representative, of liability for dischargeable debts"). But section 727(a)(11) makes completion of the instructional course a necessary prerequisite to discharge in bankruptcy. *See* 11 U.S.C. § 727(a)(12). Fortunately, there is an exception. If the debtor is "disabled" within the meaning of section 109(h)(4), then the debtor is excused from the requirement. As this court noted in *Robles*, death would appear to qualify as a disability within the meaning of the statute's language ("... so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing ..."). It is odd to think of death as a "mere disability," but the statutory language (added in 2005) seems not to have anticipated the possibility that debtor might die after filing but before completing the mandated instructional course. Still, the intent of Congress seems obvious at least from its context, if not from its express wording.

The requirements of section 727(a)(11) with respect to this debtor are waived.

# # #